UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA A. PADILLA and THOMAS G. LaCOUR *as husband and wife*, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 3:19-cv-01807 |
| AMERICAN CORADIUS INTERNATIONAL LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COME** Maria A. Padilla ("Maria") and Thomas G. LaCour ("Thomas") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of American Coradius International LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et. seq.*, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et. seq.*, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and maintains significant contacts within the Northern District of Texas.

## PARTIES

4. Plaintiffs are natural persons over 18-years-of-age who are "consumers" as the term is defined by 15 U.S.C §1692a(3) and a "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant's principal place of business is located at 2420 Sweet Home Rd. #150, Amherst, New York 14228. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to this action, Plaintiffs' obtained two USAA credit cards ("subject debts").

9. After going through financial hardship, Plaintiffs defaulted on the subject debts and Defendant acquired the subject debts to collect on behalf of USAA.

10. In April 2019, Defendant began placing calls to both Plaintiffs' residential landline (972) XXX-1332 and Plaintiff Thomas' cellular telephone number, (214) XXX-5500, in an attempt to collect on the subject debts.

11. At all times relevant to the instant action, Thomas was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in -5500.

12. Defendant placed these calls in an attempt to collect the allegedly defaulted subject debts from Plaintiffs.

13. Defendant left Plaintiffs multiple voicemails identifying itself and asking Plaintiffs to call back regarding their credit card balances.

14. On June 6, 2019, Thomas called Defendant and told it to stop calling and that all communications should be directed to Plaintiffs' attorney. Thomas provided Defendant with Plaintiff's attorney's contact information.

15. Defendant continued to call Plaintiffs despite being informed that Plaintiffs were represented by an attorney and did not want to be contacted anymore.

16. Defendant placed or caused to be placed numerous harassing phone calls to Thomas' cellular telephone from April of 2019 through the present day.

17. Upon answering phone calls from Defendant, Plaintiffs are subjected to a pre-recorded message, followed by a significant pause which lasts several seconds, before being connected with a live representative.

18. The phone numbers that Defendant most often uses to contact Plaintiffs are (608) 371-6669 and (608) 371-6666, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

### DAMAGES

19. Plaintiffs have suffered and continue to suffer from emotional distress, depression, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

20. Defendant's harassing phone calls have severely disrupted Plaintiffs' daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff Thomas' cellular telephone capacity, wasting Plaintiffs' time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiffs, Defendant occupied Plaintiffs' telephone numbers such that Plaintiffs were unable to receive other phone calls.

23. Concerned about the violations of their rights and invasion of their privacy, Plaintiffs were forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs restate and reallege paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiffs are "consumer(s)" as defined by FDCPA §1692a(3).

26. The subject debts are "debt(s)" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debts after they were in default. 15 U.S.C. §1692a(6).

29. Defendant used the phone to attempt to collect the subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debts.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(2), d, and d(5), through its unlawful debt collection practices.

    a.  **Violations of FDCPA § 1692c**

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiffs after being notified to stop. This repeated behavior of systematically calling Plaintiff Thomas' cellular phone and Plaintiffs' residential landline over and over after they demanded that it cease contacting them was harassing and abusive. Even after being told to stop contacting them and that Plaintiffs were represented by an attorney, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiffs into paying the subject debts.

33. Defendant violated §1692c(a)(2) when it continued placing harassing phone calls to Plaintiff Thomas' cellular phone and Plaintiffs' residential landline after being notified that Plaintiffs were represented by an attorney. On June 6, 2019, Thomas clearly stated that he and his wife were represented by an attorney and provided Defendant with the attorney's contact information.

34. After that, Defendant should have directed all communications to Plaintiffs' attorney. Instead, Defendant continued to harass Plaintiffs by placing numerous phone calls to Thomas' cellular phone and Plaintiffs' residential landline in an attempt to coerce them into paying the subject debts.

35. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and distressing to them.

    **b. Violations of FDCPA § 1692d**

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Thomas' cellular phone and Plaintiffs' residential landline seeking immediate payment on the subject debts. Moreover, Defendant continued placing the relentless calls after Thomas demanded that the calls cease.

37. Defendant violated §1692d(5) by causing Thomas' cellular phone and Plaintiffs' residential landline to ring repeatedly and continuously in an attempt to engage Plaintiffs in conversations regarding the collection of the subject debts with the intent to annoy, abuse, or harass Plaintiffs. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiffs from April of 2019 through the present day.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

39. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40. As stated above, Plaintiffs were severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiffs MARIA A. PADILLA and THOMAS G. LaCOUR respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(FOR PLAINTIFF THOMAS)

41. Plaintiff Thomas repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts with Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.

44. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

45. Defendant also placed numerous calls to Plaintiff's cellular phone using pre-recorded messages.

46. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff specifically revoked consent on June 6, 2019, and so Defendant never had Plaintiff's consent to call him. Furthermore, Plaintiff specifically revoked consent again with Defendant, but Defendant refused to stop placing harassing phone calls to Plaintiff's cellular telephone.

47. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

48. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE,** Plaintiff, THOMAS G. LaCOUR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

49. Plaintiffs restate and reallege paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiffs are "consumer(s)" as defined by Tex. Fin. Code Ann. § 392.001(1).

51. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

52. The subject debts are "consumer debt(s)" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

54. Defendant violated the TDCA when it continued to call Plaintiff Thomas' cellular phone and Plaintiffs' residential landline after being notified to stop calling. This repeated behavior of systematically calling Plaintiffs' phones despite their demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

55. Moreover, Defendant continued placing harassing phone calls to Plaintiff Thomas' cellular phone and Plaintiffs' residential landline after being notified that Plaintiffs were represented by an attorney. On June 6, 2019, Thomas clearly stated that he and his wife were represented by an attorney and provided Defendant with the attorney's contact information.

56. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiffs' phones.

**WHEREFORE**, Plaintiffs, MARIA A. PADILLA and THOMAS G. LaCOUR respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).
c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).
d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);
f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiffs demand trial by jury.**

Dated: July 30, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com